## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELLI L. BRAUD** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 09-27-RET-CN** |
| **GREENLINE FOODS, INC., ET AL** | |

## N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, October 22, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHELLI L. BRAUD**

**VERSUS**

**GREENLINE FOODS, INC., ET AL**

**CIVIL ACTION**

**NO. 09-27-RET-CN**

**REPORT AND RECOMMENDATION**

This action was removed to this Court on January 15, 2009. At the time of removal plaintiffs Shelli L. Braud and Ralph G. Fagan, were represented by counsel.

On May 21, 2009, the Court entered the usual scheduling order and scheduled a telephone conference for September 18, 2009. (Dkt. # 10). On July 15, 2009, plaintiff's counsel, Jerry L. Hermann, filed a motion to withdraw as counsel for plaintiff Ralph G. Fagan. Mr. Hermann remained as counsel for plaintiff Shelli L. Braud.[1] By Order dated July 16, 2009, the Court granted Mr. Hermann's motion for withdrawal, and ordered Mr. Fagan to either attend the scheduled telephone conference on September 18, 2009, himself or inform any new counsel of the conference so they could attend on his behalf. The Court further ordered that a copy of the Order be forwarded to Mr. Fagan at his last known address of 109 Allendale Drive, Thibodaux, Louisiana 70301. A review of the docket sheet indicates that the above order was mailed to Mr. Fagan at the address listed. (Dkt. # 13.)

Mr. Fagan failed to appear for the September 18, 2009, telephone conference.

---

[1] On August 13, 2009, the Court granted Defendant's motion for dismissal as to plaintiff Shelli L. Braud only, leaving Mr. Ralph Fagan as the sole plaintiff in this action.

Therefore, the Court issued an Order setting a show cause hearing for October 2, 2009, for Mr. Fagan to show why this suit should not be dismissed and other appropriate sanctions imposed for his failure to appear for the scheduling conference. Mr. Fagan, failed to appear when the case was called. On October 2, 2009, the Court issued an Order for another show cause hearing, for Mr. Fagan to show why this suit should not be dismissed and other appropriate sanctions imposed for failure to appear for the scheduling conference and for failure to appear for the show cause hearing on October 2, 2009. (Dkt. # 20). This hearing was scheduled for October 22, 2009. Mr. Fagan again failed to appear when the case was called.[2]

In accordance with Rule 16(f) of the Federal Rules of Civil Procedure, a civil action may be dismissed by the Court for failure to comply with the Orders of the Court. In the present case, pro se plaintiff failed to comply with three (3) orders of this Court, i.e., the Order of July 16, 2009, the Order of September 18, 2009, and the Order of October 2, 2009.

Further, in accordance with Uniform Local Rules, Rule 41.3M, a civil action may be dismissed by the Court for lack of prosecution, <u>inter alia</u>, where a cause has been pending six (6) months without proceedings being taken within such period. This provision shall not apply, however, if the cause is awaiting action by the Court. In the present case, no matters are pending before the Court and plaintiff has failed to take any action in this matter since it was removed, well over 6 months ago.

---

[2] The record docket sheet shows that Mr. Fagan received notice of all of these hearings through regular mail to the address provided to the Court, and that no returns were ever received by the Clerk.

The failure of the plaintiff to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed. Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial would be ineffective because in the absence of a plaintiff, there can be no such trial or hearing. Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case. <u>John v. State of Louisiana, et al.</u>, 828 F.2d 1129 (5th Cir. 1987).

## **RECOMMENDATION**

It is recommended that this matter be dismissed for failure to obey the Orders of the Court, in accordance with Rule 16(f), Federal Rules of Civil Procedure and for failure to prosecute in accordance with Rule 41, Fed. Rules of Civil Procedure and Uniform Local Rules, Rule 41.3M.

Signed in chambers in Baton Rouge, Louisiana, October 22, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**